J-A15018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY BELSER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AMAZON.COM.DEDC LLC.    AND | : | |
| WILLIAM D. STAFFIERI | : | |
| | : | |
| | : | |
| APPEAL OF: AMAZON.COM.DEDC | : | |
| LLC. | | No. 2131 EDA 2018 |

Appeal from the Judgment Entered June 27, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  October Term, 2016 No. 2834

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                   **FILED AUGUST 19, 2019**

Appellant, Amazon.Com.DEDC LLC, appeals from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, Anthony Belser, in this premises liability action against Appellant and William D. Staffieri.[1]  We affirm.

In its opinion, the trial court sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.  We add that, during trial, the court heard testimony from, *inter alia*: Appellee; William Lewis, the operations manager of the sortation facility on the day of the incident; Edward Price, an employee of a third-party delivery service working in the facility on the day of the incident; and Michael Goldberg, a certified

_____

[1] Mr. Staffieri is not a party to this appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

industrial hygienist. Additionally, Mr. Staffieri made an oral motion for compulsory non-suit during trial on March 2, 2018; the court granted Mr. Staffieri's motion that same day.

Appellant raises two issues for our review:

> [APPELLEE]'S INITIAL THEORY AT TRIAL WAS THAT HE TRIPPED OVER A CONVEYOR POWER CORD THAT [APPELLANT] HAD PLUGGED INTO AN OUTLET ON A NEARBY PILLAR. WHEN [APPELLEE] REALIZED THAT THIS THEORY WAS IMPOSSIBLE BECAUSE THE PLUGS AND OUTLETS ARE INCOMPATIBLE, HE CHANGED HIS THEORY TO TRIPPING OVER A CORD PRESENT IN AN AISLE—AN AISLE WHERE HE HAD PREVIOUSLY WALKED ABOUT ONE HUNDRED TIMES THAT MORNING BUT OFFERED NO EVIDENCE THAT [APPELLANT] HAD NOTICE OF SUCH A CORD. THE FIRST QUESTION ON APPEAL IS WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT] JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE NO REASONABLE JURY COULD FIND THAT [APPELLANT] CREATED A HAZARDOUS CONDITION BY PLUGGING A CONVEYOR CORD INTO A PILLAR OUTLET, AND [APPELLEE] PRESENTED NO EVIDENCE THAT [APPELLANT] HAD NOTICE OF ANY CORD IN THE AISLE[?]
>
> [APPELLANT]'S POST-TRIAL MOTION AND BRIEF SOUGHT JUDGMENT NOTWITHSTANDING THE VERDICT BASED ON [APPELLEE]'S FAILURE TO OFFER PROOF THAT [APPELLANT] HAD NOTICE OF THE HAZARDOUS CONDITION THAT HE CLAIMED CAUSED INJURY. NOTWITHSTANDING THESE ARGUMENTS, THE TRIAL COURT RULED THAT [APPELLANT] WAIVED THE NOTICE ISSUE. THE SECOND QUESTION ON APPEAL IS WHETHER THE TRIAL COURT ERRED IN HOLDING THAT [APPELLANT] WAIVED THE ISSUE WHETHER [APPELLEE] PROVED THAT [APPELLANT] HAD NOTICE OF A HAZARDOUS CONDITION THAT CAUSED HIM INJURY[?]

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Marlene Lachman, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 7, 2018) (finding: **(1)** jury had right to believe Appellee and disbelieve Appellant's evidence; Appellee testified he tripped over cord on floor; Appellee did not testify cord was plugged into outlet on nearby pillar; testimony of Appellant's witnesses that it would have been impossible to plug cord into outlet on pillar does not contradict Appellee's testimony; jury was not left to speculate on which cord Appellee tripped over, because Appellee identified "subject cord" as one attached to conveyor belt in photograph marked "Plaintiff's Ex. 8"; jury determined Appellee tripped over "subject cord" and not phantom "other cord"; to extent Appellant asserts opinion of Appellee's expert Michael Goldberg disagreed with Appellee or was factually incorrect, jury was free to believe Appellee and disbelieve Mr. Goldberg; jury did not require expert testimony to determine whether leaving cord on heavily trafficked part of floor constituted negligence on Appellant's behalf; Appellee's testimony alone was sufficient to support jury's verdict; to extent Appellant argues it is entitled to judgment notwithstanding verdict ("JNOV"), because trial court should have stricken Mr. Goldberg's opinion testimony as lacking factual basis, Appellant raised claim for first time in post-verdict brief in support of JNOV motion; Appellant did not assert in post-verdict motion it was entitled to JNOV because

court should have stricken Mr. Goldberg's testimony or because court should have granted Appellant non-suit; therefore, those claims are waived; **(2)** in its post-verdict motion for JNOV, Appellant raised issue of whether Appellee had proven Appellant had notice only as to "other cord," not as to "subject cord" over which Appellee alleged he tripped; for first time in its Rule 1925(b) statement, Appellant extends notice argument to actual or "subject cord" over which Appellee tripped; therefore, Appellant's claims regarding notice of actual or "subject cord" are waived).  The record supports the trial court's rationale.  Accordingly, we affirm based on the trial court opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19